IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GREENWOOD SCHOOL DISTRICT            PLAINTIFF/COUNTER-DEFENDANT

V.            Civil No. 2:24-cv-02009-SOH

T. K., as Parent of Minor Doe            DEFENDANT/COUNTER-CLAIMANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Currently before the Court are the Defendant/Counter-Claimant's Motion for Entry of Default by Clerk (ECF No. 9), and the Plaintiff/Counter-Defendant's Motion to File Out of Time (ECF No. 11) and Motion to Extend the Time for Service or Request for Declaration (ECF No. 13). Pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1, the matter was referred to the undersigned on August 14, 2024. (ECF No. 20). For the reasons discussed below, it is RECOMMENDED that the Motion for Entry of Default by Clerk (ECF No. 9) be DENIED; that the Motion to File Out of Time (ECF No. 11) be GRANTED; and that the Motion to Extend the Time for Service or Request for Declaration be DENIED as moot.

**I.     BACKGROUND**

This case concerns an appeal from an administrative decision pursuant to 20 U.S.C. § 1415(i)(3)(A). Plaintiff, Greenwood School District (the "School District"), filed its Complaint to initiate this action on January 18, 2024. (ECF No. 3). It seeks judicial review of two due process hearing decisions of an administrative hearing officer in the Arkansas Department of Education, Case Nos. H-23-25 and H-24-03, brought by the child's parent. (*Id*.).

On February 6, 2024, and before a Summons had been requested by the Plaintiff School District, the Defendant, T. K. ("Parent"), through her counsel, filed an Answer to Complaint and Counterclaims. (ECF No. 5). While making certain specific denials of the School District's

1

allegations, and asserting various affirmative defenses, the Defendant Parent did not assert insufficiency of service of process – and the record clearly shows that no service of process had been attempted at that point. (*Id.*). Defendant Parent's responsive pleading did assert two counterclaims (one related to each of the two administrative proceedings) in which she claimed to be the prevailing party in proceedings under the IDEA, 20 U.S.C. § 1400, *et seq.*, and seeking an award of her attorney's fees and costs from the School District. (*Id.* at 7-9).

Just over two months later, on April 15, 2024, the School District requested the issuance of a Summons as to the Defendant Parent, and a Summons was issued the next day. (ECF Nos. 7, 8).

The motions currently pending before the Court were filed on April 17, 2024. (ECF Nos. 9, 11, 13). The first of these was the Parent's Motion for Entry of Default by Clerk (ECF No. 9), quickly followed by the School District's Motion to File Out of Time and the Motion to Extend the Time for Service or Request for Declaration. (ECF Nos. 11, 13).

In her Motion for Entry of Default by Clerk, the Parent states that her Answer and Counterclaims was filed on February 6, 2024, making the School District's responsive pleading to the counterclaims due within 21 days, *see* Fed. R. Civ. P. 12(a)(1)(B), that the School District had not filed an answer to the counterclaims, and as a result, the Clerk must enter the School District's default pursuant to Fed. R. Civ. P. 55(a). (ECF Nos. 9, 10).

In its Motion to File Out of Time, the School District seeks leave of Court to file its answer to the Parent's counterclaims out of time due to excusable neglect, stating that due to an error in updating counsel's e-mail address in the Court's CM/ECF system, its counsel did not receive ECF notice of the Parent's Answer to Complaint and Counterclaims when filed, and that counsel only realized that the Answer to Complaint and Counterclaims had been filed when she "went on CM/ECF to get the case number for the summons." (ECF No. 11).

For her part, the Parent correctly states that the School District's answer to the counterclaims was due on February 27, 2024, and she contends that the School District's explanation does not constitute good cause or excusable neglect. (ECF Nos. 14, 15). In its Reply, the School District elaborates on the nature of counsel's error in updating her e-mail address in the Court's CM/ECF system, and it argues that an equitable consideration of the factors used for determining "excusable neglect" supports its request for leave to file its answer to the Parent's counterclaims out of time. (ECF Nos. 17, 18).

## II.   DISCUSSION

### A.   Motion for Entry of Default / Motion to File Out of Time

"When an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Eighth Circuit Court of Appeals has discussed "excusable neglect" in the following way:

> Excusable neglect is an "elastic concept" that empowers the courts to accept, "where appropriate, … late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." "[T]he following factors are particularly important: (1) the possibility of prejudice to [the opposing party]; (2) the length of [the] delay and the possible impact of that delay on judicial proceedings; (3) [the] reasons for delay, including whether the delay was within [their] reasonable control; and (4) whether [the party seeking to file out of time] acted in good faith.

*Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (internal citations and quotations omitted). The Eighth Circuit in *Chorosevic* affirmed the district court's decision granting leave for defendants to file answers seven months out of time due to an "inadvertent oversight" - the failure to file an answer to the surviving portion of an amended complaint after the court had entered an order dismissing other claims. *Id*. It noted that if the district court would have denied

leave to file answers out of time, it would have imposed on defendants "a severe penalty unmatched by any prejudice to [plaintiff]," and that such a result would have contravened "the judicial preference for adjudication on the merits, which goes to the fundamental fairness of the adjudicatory process." *Id*. at 947 (internal citations and quotations omitted).

In the instant case, the undersigned finds that good cause exists to permit the School District to file an untimely answer to the Parent's counterclaims. Given the relatively short delay involved, there is no realistic possibility of prejudice to the Parent, such as the loss of evidence or increased difficulties in discovery, and the Parent has not alleged that any such prejudice would be caused by the delay. And as in *Chorosevic*, denial of leave to file an answer out of time would result in "a severe penalty unmatched by any prejudice to the [Parent]." Further, the error in updating counsel's e-mail address in the Court's CM/ECF system, while within counsel's reasonable control, was discovered when the School District's counsel had not heard from Parent's counsel in response to an attempt to avoid litigation and it appeared that service of process was necessary. While this was two months after the Parent's answer and counterclaims had been filed, the Court notes that Parent took no action to seek default immediately after the date when the School District's answer to the counterclaims was due, and upon learning of the CM/ECF registration error the School District took prompt action seeking the Court's permission to file an untimely answer to the counterclaims. There is no showing that this short delay would unnecessarily delay these proceedings or prejudice the Parent. Nor is there any showing that the School District acted in bad faith.

Accordingly, the undersigned finds that the School District's failure to file a timely answer to the Parent's counterclaims is the result of "excusable neglect," and the School District should be permitted to file an untimely answer to the Parent's counterclaims. This will be consistent with

4

"the judicial preference for adjudication on the merits, which goes to the fundamental fairness of the adjudicatory process." *Chorosevic*, 600 F.3d at 947.

### B. Motion to Extend Time for Service

In addition to its Motion to File Out of Time, the School District also filed a Motion to Extend the Time for Service or Request for Declaration (ECF No. 13). It is unnecessary given the filing of the Parent's Answer to Complaint and Counterclaims. (ECF No. 5).

Here, prior to the request for, and the issuance of, a Summons to the Parent on the School District's Complaint, the Parent voluntarily appeared and filed an answer to the complaint. By doing so, the Court acquired *in personam* jurisdiction over the Parent. *See, e.g., Amen v. City of Dearborn*, 532 F.2d 554, 558 n. 7 (6th Cir. 1976) (jurisdiction attaches if a defendant makes a voluntary general appearance, as by filing an answer through an attorney); *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (same).

### III. CONCLUSION

For the reasons discussed above, the undersigned RECOMMENDS:

- That the Parent's Motion for Entry of Default by Clerk (ECF No. 9) be DENIED.

- That the School District's Motion to File Out of Time (ECF No. 11) be GRANTED, and that leave be given to file its answer to the Parent's counterclaims out of time. And,

- That the School District's Motion to Extend the Time for Service or Request for Declaration (ECF No. 13) be DENIED as moot.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 18th day of October 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE